IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Matthew Snider, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b) | |
| *Plaintiffs,* | |
| v. | Civil Action No. <u>7:18cv233</u> |
| MACTANZ, Inc. d/b/a Mac and Bob's Restaurant | |
| *Defendant.* | |

## COMPLAINT

Matthew Snider ("Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") lawsuit against MACTANZ, Inc. d/b/a Mac and Bob's Restaurant ("Defendant" or "Mac and Bob's") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

## I.    INTRODUCTORY STATEMENT

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiff, on behalf of Plaintiff and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2.    In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a

1

minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay". *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3.      Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). The FLSA does allow employers to pay less than minimum wage to "tipped employees." *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward the employer's minimum wage obligations. *Id*. In order to lawfully apply a tip credit toward an employer's minimum wage obligation, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id*. If an employer violates the FLSA's very specific tip pooling rules, it loses its right to avail itself of the tip credit and owes the employee the full minimum wage. 29 U.S.C. § 203(m).

4.      Here, Defendant violated Section 203(m) – an affirmative defense – in that Defendant failed to (1) inform tipped Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow Plaintiff and Class Members to retain all their tips – specifically Defendant failed to administer a lawful tip pool. *See*

29 U.S.C. § 203.

5.      Defendant failed to pay Plaintiff and Class Members in accordance with the FLSA in that Defendants failed to lawfully administer a "tip credit" system, thereby violating the minimum wage provisions of Section 206 of the FLSA. 29 U.S.C. § 206. Plaintiff and Class Members were paid a sub-minimum hourly wage plus tips, which Defendant improperly shared among employees who may not lawfully participate in a mandatory tip pool. Therefore, Defendant lost its ability to take a "tip credit" and owes Plaintiff and Class Members the full minimum wage plus other damages provided for under the FLSA.

6.      Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated.

## II.      PARTIES

7.      Plaintiff, Matthew Snider, is an individual who resides in Roanoke, Virginia. At all relevant times, Snider was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action, as indicated by his notice of consent, which is being filed along with this Complaint as "*Exhibit A.*"

8.      The Putative Plaintiffs/Class Members are those current and former employees of Defendant who were employed at any time during the three (3) years

3

preceding the filing of this Complaint as servers (i.e. waiters and waitresses) and were paid a direct cash wage of less than minimum wage ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

9.    At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendant and were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

10.    Defendant, MACTANZ, Inc. d/b/a Mac and Bob's Restaurant ("Defendant" or "Mac and Bob's") is a Virginia corporation that is currently authorized to do business in Virginia and is doing business in Virginia. MACTANZ, Inc. operates under the assumed name of Mac and Bob's Restaurant.  Defendant is in the business of operating a restaurant called Mac and Bob's located in Salem, Virginia, which provides dining to paying customers, including out-of-state travelers. Defendant can be served with process by serving its registered agent, Robert Rotanz, at 316 East Main Street, Salem, Virginia, or wherever it may be found.

### III.   JURISDICTION AND VENUE

11.    This Court has subject-matter jurisdiction over this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.    This Court has personal jurisdiction over Defendant because Defendant resides in Virginia.

13.    Venue is proper in this Roanoke Division of the United States District Court for the Western District of Virginia. Plaintiff was an employee of Defendant and performed work for Defendant in Defendant's restaurant in Salem, Virginia. The acts or omissions occurred, at least in part, in this district and division. Defendant resides in this district and division. Accordingly, venue in this Court is proper under 28 U.S.C. § 1391(b).

### IV.    FLSA COVERAGE

14.    At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.    At all times hereinafter mentioned, Defendant has been an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17.    At all times hereinafter mentioned, Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce

as required by 29 U.S.C. § 207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

18.    Further, as part of their employment, Plaintiff and Class Members handled food and other food service items that traveled in interstate commerce, served customers who were traveling from out of state or across interstate lines, or processed interstate payment transactions.

## V.    FACTS

19.    Defendant operates a restaurant in Salem, Virginia.

20.    Defendant is engaged in interstate commerce in that it provides goods and services to customers that are moving in interstate commerce.

21.    Upon information and belief, Defendant had gross receipts in excess of $500,000 for the year 2015.

22.    Upon information and belief, Defendant had gross receipts in excess of $500,000 for the year 2016.

23.    Upon information and belief, Defendant had gross receipts in excess of $500,000 for the year 2017.

24.    Upon information and belief, Defendant had gross receipts in excess of $500,000, cumulatively, over the previous four (4) quarters prior to the filing of the Complaint.

25.    Plaintiff worked as a server for Defendant from approximately July 2017 until May 2018.

26.    During the three-year period preceding the filing of this lawsuit,

Defendants employed Plaintiff and Class Members as servers and paid them all $2.13 per hour prior to accounting for the receipt of earned tips. Defendant then purported to apply at least a $5.12 per hour tip credit to Plaintiff and Class Member's hourly wage.

27.    Defendant willfully violated and is violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage – $7.25 per hour.

28.    Defendant's servers, including Plaintiff, waited on customers, took food and drink orders, processed credit card payments, answered questions regarding the menu, removed dinnerware from tables, and performed other tasks as necessary to serve Defendant's customers.

29.    Plaintiff and Class Members handle and sell food and beverages that have been moved in or produced for commerce as defined by 29 U.S.C. § 203(b). Plaintiff and Class Members handle credit card transactions involving institutions outside the state of Virginia.

30.    At all times relevant, Plaintiff and Class Members were Defendants' "employees" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

31.    As part of the payment scheme that Defendant used to pay Plaintiff and Class Members, Defendant took a tip-credit against the full minimum wage. The use

of the tip-credit results in huge savings to Defendant because Defendant pays Plaintiff and Class Members less than minimum wage in direct wages per hour - prior to accounting for the receipt of tips that Plaintiff and Class Members were paid by customers.

32.    Plaintiff and Class Members received hourly compensation below the minimum wage before accounting for tips. Instead, Defendant relies on tips generated from customers to supplement the servers' pay and bring the effective rate of pay – with tips included – up to the required minimum wage.

33.    However, Plaintiff and the Class Members have been victimized by Defendant's common payment policy that violates their FLSA rights by requiring them to participate in an illegal tip pool.

34.    Defendant relies on tips generated from customers to supplement Plaintiff and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour.

35.    However, Defendant required Plaintiff and Class Members to participate in a tip pool of which a portion of the pool was distributed to employees who may not lawfully participate in a mandatory tip pool, violating "condition two" of 29 U.S.C. § 203(m).

36.    For example, Plaintiff and Class Members were required to contribute tips to a tip pool in which Defendant distributed a portion of the tips to the dishwasher and "food runner" – both positions, in the instant case, were back-of-the-house employee who may not receive tips from a mandatory tip pool.

8

37.     The dishwasher who received tips from Defendant's tip pool was a back-of-the-house employee who had virtually no customer interaction. The dishwasher is not an employee who customarily and regularly receives tips and therefore was an improper tip pool participant. The dishwasher does not customarily and regularly receive at least $30 per week in tips.

38.     Further, the "food runners" who received tips from Defendant's mandatory tip pool, were actually more properly considered expediters and spent the majority of their time working in the kitchen performing tasks such as plating food, dressing food, preparing sides and fries, and other back-of-the-house duties. These food runners' job duties were actually that of an expediter – taking place in the kitchen out of the presence of guests. Therefore, the inclusion of these "food runners" in the tip pool was improper and invalidates the tip pool.

39.     Because Defendant required Plaintiff and Class Members' to contribute tips to a tip pool which included improper participants, Defendant failed to adhere to 29 U.S.C. § 203(m) and has thus violated the minimum wage as cited in 29 U.S.C. § 206. Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

40.     Moreover, Defendant did not inform Plaintiff and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

   a. Defendant did not inform Plaintiff and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

b.  Defendant did not inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

c.  Defendant did not inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

d.  Defendant did not inform Plaintiff and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See* Id.

41.    Defendant's method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

42.    Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

43.    During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

## VI.    COLLECTIVE ACTION ALLEGATIONS

44.    The foregoing paragraphs are fully incorporated herein.

45.    Plaintiff (the "Collective Action Representatives") brings this FLSA

claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All servers, waiters, and waitresses who worked for Defendant within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter and were paid a direct cash wage of less than minimum wage.**

46.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

47.     Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at Defendant's restaurant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

48.     Plaintiff and the Class Members have the same pay structure, have the same job duties, and were also required to participate the tip pool in which a portion of the tips were distributed to improper participants. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

49.     Plaintiff and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

50.     Defendant's failure to pay minimum wage pursuant to the FLSA results

from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regard to pay is typical of the experiences of the Class Members.

51.    Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiff and Class Members.

### VII.    CAUSE OF ACTION NO. ONE: MINIMUM WAGE VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

52.    The foregoing paragraphs are fully incorporated herein.

53.    During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

54.    Defendants pay Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiff, or Class Members.

55.    Defendant's failure to pay Plaintiff and Class Members at the minimum

wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

56.    Defendant cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendant's practice of requiring Plaintiff and Class Members to participate in an unlawful tip pool disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Also, Defendant cannot rely on Section 203(m) because Defendant did not give Plaintiff and Class Members notice of its intent to pay Plaintiff and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

## VIII.  DAMAGES SOUGHT

57.    The foregoing paragraphs are fully incorporated herein.

58.    Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

59.    Plaintiff and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendant received from customers, which were for the benefit of Plaintiff and Class Members.

60.    Plaintiff and Class Members are entitled to reimbursement of funds that were contributed to the illegal tip pool.

61.    Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages (including the amount of tips contributed to the tip pool) as liquidated damages as Defendant's actions were not based upon good-faith. *See* 29

U.S.C. § 216(b).

62.    Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX.    JURY DEMAND

63.    Plaintiff requests trial by jury.

## X.    PRAYER

64.    Plaintiff and Class Members pray for judgment against Defendant as follows:

A.    For an order pursuant to section 216 of the FLSA finding Defendant liable for unpaid minimum wages (including all misappropriated tips) due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated tips) due to Plaintiff (and those who may join in the suit);

B.    In the event liquidated damages are not awarded, for an order award Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.    For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D.    For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

14

E.     For an order granting such other and further relief as this Court deems

just and appropriate.

Respectfully submitted,

MATTHEW SNIDER, on behalf of himself
and all others similarly situated

By:    **s/ William C. Tucker**
     William C. Tucker (VSB # 40754)
     *bill.tucker@tuckerlawplc.com*
     **Tucker Law Firm, PLC**
     690 Berkmar Circle
     Charlottesville, VA 22901
     (434) 978-0100 – telephone
     (434) 978-0101 – fax

     Drew N. Herrmann
     *(pro hac vice* admission anticipated)
     *drew@herrmannlaw.com*
     **HERRMANN LAW, PLLC**
     801 Cherry St., Suite 2365
     Fort Worth, Texas 76102
     (817) 479-9229 – telephone
     (817) 260-0801 – fax

     **ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**