IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MATTHEW SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:18-cv-00233 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MACTANZ, INC., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**ORDER**

The parties in this Fair Labor Standards Act case have filed a joint stipulation of dismissal, and they have jointly moved for the court to enter a final order. (Dkt. No. 15.) An FLSA claim typically cannot be settled without a determination by the court that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

> When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the state of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and finally, (5) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id*. at *1 (internal citation and quotations omitted). On August 15, 2018, the court held a telephonic conference with the parties to discuss the terms of the settlement.

Based on the information provided at the conference, the court finds that the settlement is a fair resolution of a legitimate dispute. The allegations in this case are that the defendant improperly took the so-called "tip credit," but failed to comply with the FLSA requirements to be

entitled to it.  If Snider had been able to prove the alleged violation at trial, he would have been entitled to statutory damages of the difference between the minimum hourly wage of $7.25 and the amount paid to him, for each of the hours worked at the lower rate.  Liquidated damages in an equal amount also may have been recoverable, although not necessarily so.  Though awarding liquidated damages is "the norm," *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997), a court may decline to award them "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]," 29 U.S.C. § 260.

The terms of the settlement as summarized to the court by the parties are substantively fair and reasonable, with plaintiff receiving the full measure of statutory damages, including liquidated damages, that he would have been entitled to had he gone to trial and been successful on all claims and all arguments.  The settlement also included a separately-negotiated amount paid as an attorneys' fee.  As plaintiff's counsel acknowledged, then, the settlement amount is more than fair to Snider.  It is also a reasonable settlement on defendant's part, in that it spares defendant the potential of continued and expensive litigation.  Notably, both parties are represented by able counsel, and the court is convinced there was no fraud or collusion in the settlement.

Accordingly, the court finds that the joint stipulation of dismissal is proper, the motion for entry of a final order (Dkt. No. 15) is GRANTED, and this case is therefore DISMISSED WITH PREJUDICE as to plaintiff Snider.

The court further notes that plaintiff has withdrawn his pending motion for conditional certification, (Dkt. No. 15 at ¶ 3 (withdrawing Dkt. No. 12)), the court never certified the case as a collective action, and no person has sought to join the suit as a plaintiff.  Thus, in light of the

dismissal of the only named plaintiff, the remaining portion of the action is DISMISSED AS MOOT.  *See Faubel v. Grogg's Heating & Air Conditioning, Inc.*, No. 2:17-cv-02410, 2018 WL 2339081, at *2 (S.D. W. Va. May 22, 2018) (collecting authority and explaining that "a named plaintiff can settle his FLSA action without regard to, and without impacting the rights of, potential opt-in plaintiffs who otherwise fall under the definition of the proposed collective action"); *Parra v. Quality Controlled Concrete, LLC*,  No. 1:13-cv-1113, 2015 WL 12750445, at *2 (M.D.N.C. Mar. 11, 2015) (agreeing with cases holding that the settlement of the claims of the only named plaintiffs in an FLSA action rendered the action moot); *Leigh v. Bottling Grp., LLC,* No. 10-cv-0218, 2011 WL 1231161 at *4  (D. Md. Mar. 29, 2011) (same).

      The Clerk is instructed to strike this case from the court's active docket and to send a copy of this order to counsel of record.

      Entered: August 17, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge